UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOLOMON ADU-BENIAKO,

    Plaintiff,                                 No. 20-12402

v.                                            District Judge Matthew F. Leitman
                                                Magistrate Judge R. Steven Whalen

PATRICK REIMANN, ET AL.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

On August 29, 2020, Plaintiff Solomon Adu-Beniako filed a *pro se* civil complaint against the Drug Enforcement Administration ("DEA") and Patrick Reimann, a DEA Agent. Before the Court is Defendants' Motion to Dismiss [ECF No. 13], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED.

### I.    FACTS

Plaintiff is a medical doctor. In his complaint, he states that he incorporated East and West Physicians in 2008, but first began treating patients there in 2016. *Complaint*, ECF No. 1, PageID.3.  He alleges that in October of 2016, after experiencing prescription fraud using his credentials, he contacted DEA Agent Reimann, specifically with regard to alleged prescription fraud at the Jefferson Pharmacy in Detroit. *Id*. PageID.3-4. Plaintiff alleges that although Reimann was made aware of rampant prescription fraud, he did not pursue an adequate investigation. *Id.*, PageID.4-5.

Plaintiff states that on January 22, 2018, "based on uncorroborated and fabricated evidence," the State of Michigan suspended his controlled substance license. *Id.*,

-1-

PageID.5. He alleges that at an administrative hearing in March of 2018, Agent Reimann committed perjury. *Id*. Specifically, Plaintiff alleges that Reimann lied about what happened on January 22nd when he (Reimann) came to Plaintiff's clinic. *Id*., PageID.5-6.

Plaintiff states that on August 7, 2020, he was informed that the DEA had revoked his controlled substance license. *Id*., PageID.8. The complaint concludes as follows:

> "In summary, Mr. Reimann lied, abused his office, profiled, did not accord the Plaintiff his Basic Rights and discriminated against the Plaintiff. Mr. Patrick Reimann and the DEA woefully failed and gravely hurt the Plaintiff in every aspect, no investigations conducted, criminals still roaming around and the Plaintiff left to suffer. Harming the Plaintiff and causing him severe injustice." *Id*., PageID.9.

Plaintiff asks the Court to "reverse[] the decision of the DEA Administration," and to grant other relief. *Id*.

Appended to Defendants' motion as Exhibit 1 is an administrative complaint filed against Plaintiff by the Michigan Department of Licensing and Regulatory Affairs ("LARA"). The complaint documents a high number of prescriptions for commonly abused and diverted controlled substances in 2016 and 2017; data from the Michigan Automated Prescription System ("MAPS") showing that a high number of Plaintiff's patients travelled long distances to his facilities to obtain prescriptions; and deficiencies in individual medical files. ECF No. 13-2, PageID.122-129. The complaint contains three counts: violation of general duty to exercise due care; failing to conform to minimal standard of acceptable, prevailing practice for the health profession; and selling, prescribing, giving away, or administering drugs for other than lawful diagnostic or therapeutic purposes, all in violation of Michigan law. *Id*., PageID.130.

Exhibit 2 to Defendant's motion is the decision of the DEA revoking Plaintiff's certificate of registration. ECF No. 13-3, PageID.132-134. The decision notes that on January 19, 2018, the Board of Pharmacy Disciplinary Subcommittee of LARA

summarily suspended Plaintiff's controlled substance license, and on June 21, 2019, following an administrative hearing, the Michigan Board of Pharmacy issued a final order revoking Plaintiff's controlled substance license. *Id.*, PageID.134. The Agency, citing the federal Controlled Substances Act,[1] found that because Plaintiff lacked authority to dispense controlled substances in Michigan, he "is not eligible to maintain a DEA registration." *Id*. The Order, dated January 3, 2020, revoked Plaintiff's DEA registration effective March 14, 2020. *Id*.

Defendants' Exhibit 3 is the declaration of Marci N. Tiersky, the custodian of Agency records related to administrative claims presented to the DEA under the Federal Tort Clams Act ("FTCA"). She states that her office maintains an electronic record of each FTCA claim, indexed by claimant. ECF No. 13-4, PageID.135. On February 23, 2021, she searched FTCA claim records "to determine whether a claim was presented to DEA by Solomon Adu-Beniako regarding the issues raised in the instant case." *Id*., PageID.136. She found that no such claim was presented by Plaintiff or anyone acting on his behalf. *Id*.

Defendants seek dismissal based on lack of subject matter jurisdiction, under Fed.R.Civ.P. 12(b)(1), and for failure to state a claim upon which relief can be granted, under Fed.R.Civ.P. 12(b)(6).

## II. STANDARD OF REVIEW

Challenges to the Court's subject matter jurisdiction are brought under Fed.R.Civ.P. 12(b)(1). The party opposing a Rule 12(b)(1) motion "bears the burden of proving jurisdiction." *EEOC v. Hosanna–Tabor Evangelical Lutheran Church & Sch.*, 597 F.3d 769, 776 (6th Cir. 2010). Dismissal under Fed. R. Civ. P. 12(b)(1) is

---

[1] 21 U.S.C. §§ 802(21) and 823(f).

appropriate where a plaintiff lacks standing. *Ward v. Alternative Health Delivery Systems, Inc.*, 261 F.3d 624, 626 (6th Cir. 2001).

Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. In a facial attack, the allegations of the complaint are taken as true, and the Court must decide whether the plaintiff has adequately alleged grounds for subject matter jurisdiction. In a factual attack, "[n]o presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Richardson v. City of Detroit Retirement Systems*, 2013 WL 2338738, *3 (E.D. Mich. 2013).

## II. DISCUSSION

Plaintiff's *pro se*, narrative complaint can be fairly read to raise three claims. First, that Defendant Reimann refused to investigate and assist in charging individuals, other than the Plaintiff, regarding controlled substance violations. Second, that Reimann lied during administrative proceedings that led to the revocation of Plaintiff's controlled substance license. And third, that the DEA erred in revoking his controlled substance registration. I will discuss each claim in turn, viewing them through the lens of a facial attack under Rule 12(b)(1)..

### A. Failure to Investigate

A civil litigant simply does not have standing to challenge the decision of a government agent or agency to investigate and prosecute, or to not investigate or prosecute third parties, other than the litigant himself or herself. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizen lacks standing to initiate criminal proceedings); *see also Poe v. Ullman*, 367 U.S. 497, 501 (1961) ("a private citizen lacks a

judicially cognizable interest in the prosecution or nonprosecution of another"); *Associated Builders & Contractors v. Perry*, 16 F.3d 688, 692-93 (6th Cir.1994) (private party lacks standing to compel the state to pursue criminal or civil actions). Because the Plaintiff lacks standing, this claim must be dismissed under Rule 12(b)(1).

### B.     Reimann's Alleged Perjury

Plaintiff alleges that Defendant Reimann, a federal agent, lied at an administrative hearing in March of 2018.  However, as shown by the Marci Tiersky declaration, Plaintiff did not exhaust his administrative remedies under the Federal Tort Claims Act ("FTCA") before filing his complaint. Nor does Plaintiff allege that he exhausted his administrative remedies. "The filing of an administrative claim is jurisdictional and is an absolute, non-waivable prerequisite to maintaining a civil action against the United States for damages arising from the alleged wrongful acts of a federal employee." *Tornichio v. United States*, 263 F. Supp. 2d 1090, 1099 (N.D. Ohio 2002) (citing *McNeil v. United States*, 508 U.S. 106, 113 (1993) ); *see also* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States...unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."). "Failure to exhaust administrative remedies deprives a federal court of jurisdiction over the [FTCA] claim." *Holt v. Morgan*, 79 F. App'x 139, 141 (6th Cir. 2003).

Moreover, administrative claims under the FTCA must be presented within two years after the claim accrues. *See* 28 U.S.C. § 2401 ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues...."). Here, the claim against Reimann accrued in March, 2018, when he allegedly lied at the LARA administrative hearing.

Plaintiff filed his complaint in this Court more than two years later, in August of 2020. It is now April of 2021, and under § 2401, Plaintiff's claim is "forever barred."

### C. Challenge to DEA's Revocation Decision

21 U.S.C. § 877 provides that only the district court for the District of Columbia or the Circuit Court for Circuit where a claimant has his/her principal place of business have jurisdiction to hear challenges to administrative decisions of the Executive Branch:

> "All final determinations, findings, and conclusions of the Attorney General under this subchapter shall be final and conclusive decisions of the matters involved, except that any person aggrieved by a final decision of the Attorney General may obtain review of the decision in the United States Court of Appeals for the District of Columbia or for the circuit in which his principal place of business is located upon petition filed with the court and delivered to the Attorney General within thirty days after notice of the decision. Findings of fact by the Attorney General, if supported by substantial evidence, shall be conclusive."

Under the plain language of § 877, this Court lacks jurisdiction to hear Plaintiff's challenge to the DEA's revocation of his certificate of registration.

### IV. CONCLUSION

I recommend that Defendants' Motion to Dismiss be GRANTED under Fed.R.Civ.P. 12(b)(1), based on the absence of subject matter jurisdiction.[2]

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise

---

[2] Because this Court clearly lacks subject matter jurisdiction, it is not necessary to address Defendants' alternative arguments under Rule 2(b)(6).

others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                   s/ R. Steven Whalen
                                                   R. STEVEN WHALEN
                                                   UNITED STATES MAGISTRATE JUDGE

Dated: April 27, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 27, 2021, electronically and/or by U.S. mail.

                                                   s/Carolyn M. Ciesla
                                                 Case Manager to the
                                                 Honorable R. Steven Whalen