UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOLOMON ADU-BENIAKO,

    Plaintiff,

v.

                                  Case No. 20-cv-12402
                                  Hon. Matthew F. Leitman

PATRICK REIMANN, *et al.*,

    Defendants.

_____/

## ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS (ECF No. 17) TO REPORT AND RECOMMENDATION (ECF No. 16) AND (2) GRANTING DEFENDANTS' MOTION TO DISMISS (ECF No. 13)

Plaintiff Solomon Adu-Beniako is a physician who practiced medicine at East & West Physicians, a medical practice in Southfield, Michigan. (*See* Compl., ECF No. 1, PageID.3.) In 2018, the State of Michigan revoked Adu-Beniako's state licenses to prescribe controlled substances. (*See id.*, PageID.5.) The United States Drug Enforcement Administration (the "DEA") then revoked his federal certificate of registration to prescribe controlled substances. (*See id.*, PageID.8.) In this *pro se* civil action, Adu-Beniako insists that the DEA's revocation of his certificate of registration was the result of fraud and other misconduct by the DEA and one of its investigators, Defendant Patrick Reimann. (*See id.*) The Defendants have filed a motion to dismiss for lack of subject-matter jurisdiction. (*See* Mot. to Dismiss, ECF No. 13.)

1

On April 27, 2021, the assigned Magistrate Judge issued a report and recommendation in which he recommended that the Court grant the motion and dismiss Adu-Beniako's claims (the "R&R"). (*See* R&R, ECF No. 16.) Adu-Beniako has now filed objections to the R&R. (*See* Objections, ECF No. 17.) The Court has carefully reviewed the objections and concludes that they are without merit. Accordingly, the Court **OVERRULES** the objections, **GRANTS** Defendants' motion, and **DISMISSES** Adu-Beniako's Complaint.

## I

### A

In 2018, Michigan's Board of Pharmacy filed an administrative complaint in which it accused Adu-Beniako of "failing to maintain effective controls against [the] diversion of controlled substances" and "failing to prescribe medications in good faith" in violation of Michigan law. *In re Adu-Beniako*, 2020 WL 2505432, at *2 (Mich. Ct. App. May 14, 2020). A hearing was held on the administrative complaint in March 2018. Reimann was one of the witnesses who testified at the hearing.

Following the hearing, the Board of Pharmacy Disciplinary Subcommittee ultimately concluded that "the frequency of [Adu-Beniako's] prescriptions for hydrocodone with acetaminophen and promethazine with codeine for a 'large number of patients' was not in good faith." *Id.* at *7. It further concluded that Adu-Beniako had "failed to maintain adequate controls against [the] diversion [of

controlled substances]." *Id.* Based on those findings, the Board of Pharmacy Disciplinary Subcommittee "ordered [Adu-Beniako's] controlled-substance and drug-control-location licenses revoked." *Id.* Adu-Beniako then appealed that ruling to the Michigan Court of Appeals. That court affirmed the revocation of Adu-Beniako's licenses on the basis that "the Board of Pharmacy [Disciplinary Subcommittee's] conclusion regarding [Adu-Beniako's] general prescription practice was supported by competent, material, and substantial evidence on the whole record." *Id.* at *12.

Under federal law, the Board of Pharmacy's revocation of Adu-Beniako's state licenses to prescribe controlled substances required the DEA to revoke Adu-Beniako's federal certificate of registration to prescribe controlled substances. *See* 21 U.S.C. § 823(f) and 824(a)(3). Accordingly, the DEA issued an order to show cause to Adu-Beniako. *See* Dep't of Justice Dec. and Order, 85 Fed. Reg. 5990-91, 2020 WL 509348 (Feb. 3, 2020). The show cause order explained to Adu-Beniako that because his "Michigan controlled substance and drug control-location licenses" had been revoked, he no longer had "authority to handle controlled substances in Michigan, the state in which" he was "registered with the DEA." *Id.* The DEA therefore proposed revoking Adu-Beniako's certificate of registration. *See id.* The show cause order then "notified [Adu-Beniako] of the right to request a hearing on the allegations or to submit a written statement while waiving the right to a hearing,

3

the procedures for electing each option, and the consequences for failing to elect either option." *Id.* It also "notified [him] of the opportunity to submit a corrective action plan." *Id.*

It appears that Adu-Beniako evaded service of the DEA's show cause order. After the DEA attempted and failed to serve Adu-Beniako at both his home and office, a DEA agent spoke with Adu-Beniako, and the two agreed to meet at a local restaurant. *See id.* at 5991. During that meeting, the DEA agent "placed the [show cause order] on the table in front of him, and explained that [Adu-Beniako] 'was being served with [the show cause order] because he lacked state authority to handle controlled substances in Michigan and that he would not be able to maintain a DEA registration without such authorization.'" *Id.* Adu-Beniako then "pushed [the show cause order] away from him" and "quickly left the restaurant." *Id.* The agent told Adu-Beniako that "his name appeared on the [show cause] document and that he should not leave the document on the table," but Adu-Beniako nonetheless "continued on to his automobile and drove away."[1] *Id.*

The DEA then conducted its proceeding in Adu-Beniako's absence. It found that "because [Adu-Beniako] lack[ed] authority to distribute, prescribe, or dispense

---

[1] Adu-Beniako seems to allege that the DEA agent that he met with at the restaurant was Reimann, and he says that he left the restaurant quickly because he "sensed danger" and was afraid Reimann was armed. (Resp. to Mot. to Dismiss, ECF No. 15, PageID.145.)

4

controlled substances in Michigan, [he was] not eligible to maintain a DEA registration." *Id.* at 5992.  It therefore revoked his certificate of registration. *See id.*

After the DEA revoked Adu-Beniako's certificate of registration, Adu-Beniako apparently regretted his decision not to participate in the DEA proceeding. He therefore sent the DEA what he labeled a "motion for reconsideration." (*See* Mot. for Reconsideration, ECF No. 15-6.)  In that document, Adu-Beniako did not cite any authority for the proposition that either the DEA's rules and regulations or the applicable federal statutes permitted a license holder to seek an administrative reconsideration of an order revoking his certificate of registration. (*See id.*)  It appears that the DEA did not respond to Adu-Beniako's submission.

**B**

Adu-Beniako filed this civil-rights action against the DEA and Reimann on August 29, 2020. (*See* Compl., ECF No. 1.)  Adu-Beniako's Complaint is written in the narrative format, and it does not identify any specific counts against either of the Defendants.  Adu-Beniako alleges, among other things, that (1) Reimann lied and fabricated evidence at the March 2018 hearing on the Board of Pharmacy's administrative complaint and (2) Reimann and the DEA ignored his reports of criminal prescription fraud by other doctors and "emboldened these criminals to continue their criminal activities." (*Id.*, PageID.3-6.)  Adu-Beniako insists that as a result of Reimann's "lies" at the administrative hearing (and afterwards), the State

5

of Michigan revoked his state licenses to prescribe controlled substances and the DEA revoked his federal certificate of registration. (*Id.*) Adu-Beniako summarizes his allegations as follows:

> In summary, Mr. Reimann abused his office, lied, profiled, did not accord the Plaintiff his Basic Rights and discriminated against the Plaintiff. Mr. Patrick Reimann and the Detroit DEA woefully failed and gravely hurt the Plaintiff in every aspect, no investigations conducted, criminals still roaming around and the Plaintiff left to suffer. Harming the Plaintiff and causing him severe injustice.

(*Id.*, PageID.9.)  As relief, Adu-Beniako asks the Court to "reverse[] the decision of the DEA" and grant him "any other relief that it decides he is entitled to receive." (*Id.*)

## C

On February 26, 2021, Defendants moved to dismiss Adu-Beniako's Complaint "in its entirety." (Mot. to Dismiss, ECF No. 13, PageID.118.) Defendants noted in the motion that they had struggled to discern the particular claims that Adu-Beniako had raised.  They explained that while Adu-Beniako's "grounds for relief [were] not clearly articulated," they nonetheless "identified three" claims that Adu-Beniako had brought against them: (1) Reimann and/or the DEA failed to investigate the criminal prescription fraud that Adu-Beniako reported in 2016; (2) Reimann lied and fabricated evidence at Adu-Beniako's March 2018 administrative hearing; and

6

(3) the DEA wrongly revoked Adu-Beniako's certificate of registration that allowed him to prescribe controlled substances. (*Id.*, PageID.107, 109.) After identifying the claims, Defendants argued that Adu-Beniako lacked standing to pursue his claim based upon the DEA's failure to criminally investigate and prosecute other prescribers. (*See id.*, PageID110-112.) Defendants next treated Adu-Beniako's claim based upon Riemann's allegedly-false testimony as a claim for money damages under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* (the "FTCA"), and they argued, among other things, that the Court lacked subject-matter jurisdiction over that claim because Adu-Beniako had not exhausted his administrative remedies before filing suit. (*See id.*, PageID.112-115.) Defendants then argued that this Court lacked subject-matter jurisdiction over Adu-Beniako's claim challenging the revocation of his certificate of registration because a provision of the Controlled Substances Act, 21 U.S.C. § 877 ("Section 877"), vested the federal circuit courts of appeals with exclusive jurisdiction over such challenges. (*See id.*, PageID.115-118.) Finally, Defendants took the position that Adu-Beniako had "raise[d] only official-capacity claims" against Reimann because Adu-Beniako had not served Reimann "according to Federal Rule of Civil Procedure 12(i)(3), which governs service on a United States officer or employee sued in an individual capacity." (*Id.*, PageID.100 n.1.) Defendants insisted that "[t]he Court lack[ed] jurisdiction" to consider any of Adu-Beniako's claims. (*Id.*)

7

Adu-Beniako responded to the motion on April 14, 2021. (*See* Resp. to Mot. to Dismiss, ECF No. 15.) Notably, Adu-Beniako did not argue that the Defendants had misunderstood the nature of the claims he was asserting, nor did he contend that he had raised other (or additional) claims that the Defendants had not addressed in their motion to dismiss. Adu-Beniako also did not assert that he had sued Reimann in his individual capacity. Instead, he argued, among other things, that:

- The Defendants "caused the opioid crisis" by failing to "investigate[,] arrest[,] and punish" those who sold opioids illegally;
- The DEA "partner[ed] with criminal[s] whom it authorize[d] to commit crimes without being punished";
- Reimann ignored "a lot of information about [other] criminals" that Adu-Beniako had sent to Reimann;
- The State of Michigan revoked his licenses to prescribe controlled substances "based on uncorroborated [] and wild lies," including lies perpetrated by Reimann;
- Reimann's "lies continued until the Plaintiff's DEA registration was revoked in 2020"; and
- "The Defendants being the ultimate decision maker[s] had denied [him] any chance of getting administrative remedies [under the FTCA] by not responding to the [his] motion for a reconsideration" that he had sent to the DEA after the DEA revoked his certificate of registration to prescribe controlled substances. (*Id.*, PageID.141-148.)

**D**

On April 27, 2021, the assigned Magistrate Judge issued the R&R. (*See* R&R, ECF No. 16.) He recommended that the Court grant Defendants' motion and dismiss Adu-Beniako's Complaint for lack of subject-matter jurisdiction (*See id.*)

The Magistrate Judge began with Adu-Beniako's claim that Reimann and/or the DEA failed to criminally investigate and/or prosecute other doctors for prescription fraud. He explained that Reimann lacked standing for such a claim because "[a] civil litigant simply does not have standing to challenge the decision of a government agent or agency to investigate and prosecute, or to not investigate or prosecute third parties, other than the litigant himself or herself." (*Id.*, PageID.276, citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).)

Next, the Magistrate Judge turned to Adu-Beniako's claim for money damages arising out of Reimann's alleged perjury and fabrication of evidence. (*See id.*, PageID.277-278.) The Magistrate Judge concluded that this claim failed for two reasons. First, it was subject to the exhaustion requirement in the FTCA, and Adu-Beniako had failed to "allege that he exhausted his administrative remedies." (*Id.*, PageID.277.) Second, the Magistrate Judge determined that the claim was time-barred under the FTCA's two-year statute of limitations. (*See id.*, PageID.277-278.)

Finally, the Magistrate Judge addressed Adu-Beniako's claim that the DEA wrongly revoked his certificate of registration to prescribe controlled substances.

(*See id.*, PageID.278.) The Magistrate Judge concluded that Section 877 required Adu-Beniako to bring that claim in an appropriate federal circuit court of appeals. (*See id.*) Thus, the Magistrate Judge concluded that "under the plain language of § 877, th[e] Court lack[ed] jurisdiction to hear [Adu-Beniako's] challenge to the DEA's revocation of his certificate of registration." (*Id.*)

### E

Adu-Beniako filed objections to the R&R on May 1, 2021. (*See* Objections, ECF No. 17.) The objections largely repeat Adu-Beniako's substantive attacks on the conduct of the DEA and Reimann. Adu-Beniako says very little about the Magistrate Judge's conclusion that the Court lacks subject-matter jurisdiction over his claims. To the extent Adu-Beniako objects to the determinations and recommendations of the Magistrate Judge, the Court addresses those objections individually below.

### II

### A

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo*. *See* Fed.R.Civ.P. 72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of a report

and recommendation to which the parties did not object. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**B**

Adu-Beniako first objects to the Magistrate Judge's conclusion that he lacks standing to bring a claim against the DEA and/or Reimann for their failure to criminally investigate and/or prosecute other physicians. (*See* Objections, ECF No. 17, PageID.282-283.)  Adu-Beniako insists that he "faced and continue[s] to face a palpable economic injury that is sufficient to provide the basis for standing.  Here, [he has] a family of three, with [a] fourteen year old [sic] child.  Lost his license, lost his job and lost hundreds of thousands [of dollars] to some rogue attorneys fighting bogus, fabricated charges for over three years." (*Id*., PageID.283.)

This objection is not responsive to the reasoning or analysis presented by the Magistrate Judge.  The fact that Adu-Beniako may have lost his ability to prescribe controlled substances and his job as a result of alleged wrongdoing by the Defendants may provide him standing to bring some type of claim against the Defendants, but it says nothing about whether he has standing *to bring a claim based on Defendants' alleged failure to investigate and/or prosecute other physicians for criminal prescription fraud*.² As the Magistrate Judge correctly explained, "[p]rivate

---

² While Adu-Beniako's claim focuses on the DEA's failure to prosecute other doctors for prescription fraud based on the information that Adu-Beniako had

11

citizens … simply cannot compel a criminal investigation or prosecution against another." *Martin v. Koljonen*, 89 F. App'x 567, 568 (6th Cir. 2004). *See also Gratton v. Cochran*, 2020 WL 2765775, at *2 (6th Cir. Jan. 2, 2020) (holding that plaintiff lacked a "legally cognizable interest in initiating a grand jury proceeding" and explaining that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another") (quoting *Linda R.S.*, 410 U.S. at 619). For all of these reasons, this objection is **OVERRULED**.[3]

C

Adu-Beniako next objects to the Magistrate Judge's conclusion that he failed to exhaust his administrative remedies under the FTCA and that the Court therefore

---

provided Reimann, his claim would fare no better if he had been seeking a civil investigation of those same physicians. *See, e.g., Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion"); *Gutierrez v. City of Carson*, 2011 WL 7129239, at *7 (C.D. Cal. Dec. 16, 2011) (holding that plaintiff did not have due process right to demand civil investigation of third-party's alcohol license).

[3] Adu-Beniako also argues that one of the authorities upon which the Magistrate Judge relied, *Poe v. Ullman*, 367 U.S. 497 (1961), was overruled by the Supreme Court's subsequent decision in *Griswold v. Connecticut*, 381 U.S. 479 (1965). (*See* Objections, ECF No. 17, PageID.283.) But even if some aspects of *Poe* were overruled by *Griswold*, Adu-Beniako has not provided any authority that would support the proposition that he can maintain a civil claim against the DEA or Reimann for failing to prosecute other physicians. Nor did he attempt to distinguish the other caselaw that the Magistrate Judge relied upon, including the Supreme Court's decision in *Linda R.S., supra*, which, as quoted above, the Sixth Circuit continues to cite with approval.

lacks jurisdiction to review his claims for money damages arising out of Reimann's alleged perjury and fabrication of evidence. (*See* Objections, ECF No. 17, PageID.283-284.) The Court overrules this objection.

The FTCA is a federal statute that waives the United States' sovereign immunity for "[m]oney damages ... for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). But before a plaintiff may bring a claim under the FTCA in federal court, he must exhaust his administrative remedies. More specifically, a plaintiff must "1) give written notice of a claim sufficient to enable the agency [at issue] to investigate the claim and 2) place a value (or 'sum certain') on the claim." *Glarner v. U.S. Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir. 1994). "These requirements derive from 28 U.S.C. § 2675, which provides procedures for filing claims against the government." *Id.*

Here, it is undisputed that Adu-Beniako never filed an administrative claim for damages with the DEA. Adu-Beniako's failure to file such an administrative claim is fatal to his claim under the FTCA for money damages arising out of Reimann's alleged perjury and fabrication of evidence.

13

Adu-Beniako counters that he should be excused from the FTCA's exhaustion requirement. He explains that immediately after he learned that the DEA had revoked his certificate of registration, he sent the DEA what he called a "Motion for Reconsideration." (Objections, ECF No. 17, PageID.284.) And he says that the DEA never responded to that "motion." (*Id.*) Adu-Beniako therefore insists that because he was "never given a chance to exhaust [his] administrative remedies," the FTCA's exhaustion requirement cannot fairly be applied to him. (*Id.*) The Court disagrees.

Adu-Beniako has not shown how the lack of a response to his motion for reconsideration deprived him of the ability to file an administrative claim for damages with the DEA. For instance, he has not explained why he could not have filed an administrative claim with the DEA once it became clear to him that the DEA was not going to respond to his motion for reconsideration. Indeed, he filed this civil action even though the DEA did not respond to his motion, and he has not shown why he could not also have filed an administrative claim notwithstanding the lack of a response from the DEA. Nor has Adu-Beniako alleged or attempted to show that the filing of an administrative claim for damages would have been futile. He simply has not explained how the lack of a response to his motion prevented him from exhausting his administrative remedies.[4]

---

[4] Nor can Adu-Beniako claim that his filing of the "Motion for Reconsideration" itself satisfied the exhaustion requirement. As explained above, to exhaust

For all of these reasons, this objection is **OVERRULED**.[5]

**D**

Third, Adu-Beniako objects to the Magistrate Judge's conclusion that this Court lacks jurisdiction over his challenge to the DEA's decision to revoke his certificate of registration. (*See* Objections, ECF No. 17, PageID.284-286.) Most of this objection is an effort to show error in the substance of the DEA's ruling. But the Magistrate Judge did not address the substance of the DEA's underlying decision to revoke Adu-Beniako's certificate of registration. Instead, as noted above, the Magistrate Judge explained that Section 877 vested the federal circuit courts of

---

administrative remedies under the FTCA, a plaintiff must "1) give written notice of a claim sufficient to enable the agency [at issue] to investigate the claim and 2) place a value (or 'sum certain') on the claim." *Glarner*, 30 F.3d at 700. Here, Adu-Beniako's motion did not "place a value" or "sum certain" on his claim. (*See* Adu-Beniako DEA Mot. for Reconsideration, ECF No. 15-6). Instead, Adu-Beniako asked the DEA to "reconsider its decision" to revoke his certificate of registration, and he requested "a chance to negotiate to terms and conditions which would be fair and favorable to both parties." (*Id.*, PageID.266.) As the Sixth Circuit has explained, while the requirement to request a sum certain is "technical," it is nonetheless "a prerequisite for filing a FTCA claim in this circuit." *Glarner*, 30 F.3d 700 (affirming dismissal of FTCA claim where plaintiff "did not place a sum certain on his claim"). *See also Jones v. Johnson*, 707 F. App'x 321, 331-32 (6th Cir. 2017) (affirming dismissal of claim under the FTCA due to failure to exhaust where plaintiff "did not place a sum certain on her claim, and consequently did not meet the exhaustion requirement").

[5] Because the Court concludes that Adu-Beniako failed to exhaust his administrative remedies under the FTCA, it need not, and does not, address the Magistrate Judge's conclusion that even if Adu-Beniako had exhausted his administrative remedies, his claim here would still be barred by the FTCA's statute of limitations.

15

appeals with exclusive jurisdiction to hear Adu-Beniako's challenge to the DEA's revocation of his certificate of registration. Section 877 provides that:

> All final determinations, findings, and conclusions of the Attorney General under this subchapter shall be final and conclusive decisions of the matters involved, except that *any person aggrieved by a final decision of the Attorney General may obtain review of the decision in the United States Court of Appeals for the District of Columbia or for the circuit in which his principal place of business is located* upon petition filed with the court and delivered to the Attorney General within thirty days after notice of the decision. Findings of fact by the Attorney General, if supported by substantial evidence, shall be conclusive.

21 U.S.C. § 877 (emphasis added).

Adu-Beniako has not shown that his challenge to the DEA's revocation of his certificate of registration falls outside of Section 877. He has likewise failed to show how he may bring that challenge in this Court notwithstanding Section 877. Indeed, it appears that the federal circuit courts of appeals, rather than district courts, regularly hear challenges to revocations of certificates of registration like the one that Adu-Beniako brings here – *i.e.*, challenges in which a petitioner attacks the merits of the revocation decision and alleges that the revocation violated his due process rights. *See, e.g.*, *Kirk v. Mullen*, 749 F.2d 297, 299 (6th Cir. 1984) (rejecting petitioner's arguments that the DEA revoked his certificate of registration in violation of "his right to due process" and that the "DEA's decision to revoke his registration [was] 'inequitable' and 'unfounded'"); *Hoxie v. DEA*, 419 F.3d 477,

16

484 (6th Cir. 2005) (rejecting challenge to merits of DEA's decision to revoke petitioner's certificate of registration and holding that DEA did not violate petitioner's right to due process); *Padmanabhan v. DEA*, 762 F. App'x 6, 7 (D.C. Cir. 2019) (holding that petitioner had "not shown that the [DEA's] revocation of his federal authority to dispense controlled substances … was arbitrary, capricious, or manifestly contrary to the statute" and failed to "show[] that his Certificate of Registration was revoked without due process").

Adu-Beniako counters that this Court can hear his challenge to the revocation of his certificate of registration because he has raised a federal question under 28 U.S.C. § 1331. (*See* Objections, ECF No. 17, PageID.284.)  But he has not provided any reason why the Court's general federal question jurisdiction would control over the specific requirement in Section 877 that Adu-Beniako must raise his challenge in an appropriate federal circuit court of appeals.

For all of these reasons, this objection is **OVERRULED**.

E

Finally, Adu-Beniako argues that even if the Court grants Defendants' motion and concludes that it does not have jurisdiction over any of the claims discussed above, the Court should not dismiss his Complaint in its entirety.  He insists that his "[C]omplaint raised numerous claims" but "Defendants disputed only the three claims in their motion.  The other violations such as Discrimination based on

national origin, race and color, Civil Rights violation, Profiling, Retaliation, Violation of the Plaintiff's Due process clause (enshrined in the 5th and the 14th Amendments) and now Libel are all presumed to be true and not in dispute." (Objections, ECF No. 17, PageID.282.)  The Court disagrees.

As described above, Adu-Beniako's Complaint was written entirely in the narrative format.  It did not include any enumerated paragraphs.  Nor did it identify any specific claims against the Defendants.  Thus, when the Defendants filed their motion to dismiss, they struggled to discern what specific claims Adu-Beniako had raised against them.  Defendants then explained that even though Adu-Beniako's "grounds for relief [were] not clearly articulated," they read his Complaint to "identify" three specific claims. (Mot. to Dismiss, ECF No. 13, PageID.109.)  And they made clear that they sought dismissal of *all* of Adu-Beniako's claims.  Indeed, they asked the Court to "dismiss [the Complaint] in its entirety." (*Id.*, PageID.118.)

After Defendants filed their motion to dismiss, Adu-Beniako filed a response. (*See* Resp. to Mot. to Dismiss, ECF No. 15.)  And in that response, Adu-Beniako did not argue that the Defendants had mischaracterized his Complaint.  Nor did he take the position that his Complaint should not be dismissed "in its entirety" because he had raised claims that the Defendants had not moved to dismiss.  He raises that argument for the first time in his objections to the R&R.

18

Adu-Beniako's argument his Complaint includes additional claims not addressed by the Defendants or the Magistrate Judge comes too late. Parties are "not allow[ed] … to raise at the district court stage new arguments or issues that were not presented" to the Magistrate Judge. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (holding that a petitioner's failure to raise a claim before the Magistrate Judge "constitute[d] waiver"). *See also See also AES-Apex Emp'r Servs., Inc. v. Rotondo*, 924 F.3d 857, 867 (6th Cir. 2019) ("[A] district court never abuses its discretion when it holds that an issue not actually presented to a magistrate judge is forfeited"). If Adu-Beniako believed that Defendants' motion should not be granted because it did not address all of the claims in his Complaint, he should have raised that issue before the Magistrate Judge. The Court therefore declines to allow Adu-Beniako to proceed with any of the other claims he may have raised in his Complaint.

### III

For all of the reasons explained above, Adu-Beniako's objections (ECF No. 17) to the R&R (ECF No. 16) are **OVERRULED** and Defendants' motion to dismiss (ECF No. 13) is **GRANTED**. Adu-Beniako's Complaint is **DISMISSED**.

**IT IS SO ORDERED**.

Dated: September 22, 2021

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 22, 2021, by electronic means and/or ordinary mail.

                                           s/Holly A. Monda
                                           Case Manager
                                           (810) 341-9764